1  Daniel W. Fox (SBN 268757)
   Daniel.Fox@klgates.com
2  K&L Gates LLP
   Four Embarcadero Center, Suite 1200
3  San Francisco, CA  94111

4  Telephone: +1 415 882 8200
   Facsimile: +1 415.882.8220

5
   *Attorney for Plaintiff*
6  *Corsair Gaming Inc. d/b/a CORSAIR*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORSAIR GAMING, INC. d/b/a CORSAIR<br><br>Plaintiff,<br><br>v.<br><br>DEAL BUSTER, INC. d/b/a Classy Outfit<br><br>Defendant. | Civil Action No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMPLAINT AND DEMAND FOR JURY TRIAL

319453831.1

Plaintiff Corsair Gaming, Inc. d/b/a CORSAIR ("Plaintiff" or "CORSAIR"), by and through its undersigned counsel, complains of Defendant Deal Buster, Inc. d/b/a Classy Outfit's ("Defendant") conduct and alleges upon information and belief as follows:

**NATURE OF THIS ACTION**

1. CORSAIR seeks injunctive relief and monetary damages for Defendant's trademark infringement, false advertising, and unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, arising from Defendant's improper sale of CORSAIR Products, use of trademarks owned or used by CORSAIR, and unfair and deceptive business practices.

2. This case concerns Defendant's wrongful, unauthorized promotion and sale of CORSAIR Products through online commerce sites. As described more fully below, Defendant has and continues to falsely advertise the CORSAIR Products it sells and delivers to consumers in the United States on the Internet via online commerce sites, including, but not limited to, Walmart.com.

3. Specifically, Defendant is offering for sale CORSAIR Products designed, manufactured and intended for sale into a specific geographic market (*e.g.*, the United States market or the Asia market), but fulfilling orders with materially different CORSAIR Products designed and intended for sale to a different geographic market.

4. Moreover, CORSAIR has never authorized Defendant to resell its products. CORSAIR's manufacturer's warranty explicitly states that it is limited to products "purchased from an authorized CORSAIR reseller." Because Defendant is not an authorized reseller of CORSAIR's products, Defendant's CORSAIR Products are not—and cannot be—covered by the CORSAIR manufacturer's warranty.

5. Despite this, Defendant falsely advertises its CORSAIR Products on Walmart.com, by representing that it is affiliated with CORSAIR and that the CORSAIR Products it sells may be guaranteed by the manufacturer, including specifically sharing a link to the Limited Warranty section on CORSAIR's own website.

6. Defendant's conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception, to the irreparable injury of consumers and CORSAIR.

7. As a result of Defendant's actions, CORSAIR is suffering a loss of the enormous goodwill that CORSAIR has created in its trademarks and is losing profits from lost sales of products. This action seeks permanent injunctive relief and damages for Defendant's trademark infringement, false advertising, and unfair competition.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

9. This Court also has supplemental jurisdiction over the pendant state law claim under 28 U.S.C. §1367(a).

10. Defendant is subject to personal jurisdiction in this forum because it has sold products to residents of the State of California and this District; because Defendant has caused injury to CORSAIR's trademarks in the State of California and this District; because Defendant practices the unlawful conduct complained of herein, in part, within the State of California and this District; because Defendant regularly conducts or solicits business within the State of California and this District; because Defendant regularly and systematically directs electronic activity into the State of California and this District with the manifest intent of engaging in business within the State of California and this District, including the sale and/or offer for sale of products to Internet users within the State of California and this District, as well as, upon information and belief, entry into contracts with residents of the State of California and this District through the sale of items through various online retail platforms

11. Similarly, venue is proper in this judicial district under 28 U.S.C. § 1391.

/ / /

/ / /

/ / /

# PARTIES

12. Plaintiff Corsair Gaming, Inc. is a Delaware corporation with its principal place of business in Milpitas, California. CORSAIR designs, manufactures, and sells a variety of high-performance computer and gaming products in the United States under the "CORSAIR," "elgato," "ORIGIN PC," "SCUF," and "Drop" brand names (the "CORSAIR Products").

13. Upon information and belief, Defendant Deal Busters, Inc. d/b/a Walmart Seller Classy Outfit is a New York corporation with its principal place of business located at 5117-20 Avenue, Brooklyn, NY 11204. Defendant does business or has done business within the State of California and this District through various online commerce sites, including, but not limited to, Wlamart.com. Defendant is an unauthorized reseller of CORSAIR Products.

# FACTS GIVING RISE TO THIS ACTION

**A. CORSAIR's Trademark Usage**

14. The U.S. Patent and Trademark Office ("USPTO") has issued several registrations for marks used with computer and gaming products (hereinafter, the "CORSAIR Marks"). The CORSAIR Marks include, but are not limited to:

| Mark | Registration Date | Registration Number |
|---|---|---|
| **CORSAIR** | February 20, 2007 | 3,209,882 |

15. The CORSAIR Marks have been in continuous use since at least their respective dates of registration.

16. Said registrations are in full force and effect, and the CORSAIR Marks are incontestable pursuant to 15 U.S.C. § 1065.

17. CORSAIR advertises, distributes, and sells its products to consumers under the CORSAIR Marks.

18. CORSAIR has also acquired common law rights in the use of the CORSAIR Marks throughout the United States.

19. CORSAIR's federal trademark registrations were duly and legally issued, are valid and subsisting, and constitute *prima facie* evidence of CORSAIR's exclusive ownership of the CORSAIR Marks.

20. CORSAIR has invested significant time, money, and effort in advertising, promoting, and developing the CORSAIR Marks throughout the United States and the world. As a result of such actions, CORSAIR has established substantial goodwill and widespread recognition in its CORSAIR Marks, and those marks have become associated exclusively with CORSAIR and its products by both customers and potential customers, as well as the general public at large.

21. To create and maintain goodwill among its customers, CORSAIR has taken substantial steps to ensure that products bearing the CORSAIR Marks are of the highest quality. As a result, the CORSAIR Marks have become widely known and are recognized throughout the state of California and this District, the United States, and the world as symbols of high quality products.

22. As a result of, *inter alia*, the care and skill exercised by CORSAIR in the conduct of its business, the high quality of the goods sold under the CORSAIR Marks, and the extensive advertising, sale, and promotion by CORSAIR of its products, the CORSAIR Marks have acquired secondary meaning in the United States and the world, including this District.

23. CORSAIR is not now, nor has it ever been, affiliated with Defendant, and Defendant is not authorized to use the CORSAIR Marks.

**B.  CORSAIR Products**

24. CORSAIR is recognized throughout California, the United States, and the world as a leading developer and manufacturer of high-performance computer and gaming products and accessories.

25. CORSAIR sells its products to consumers through a nationwide network of exclusive and authorized Internet resellers ("Authorized Internet Resellers" and the "Authorized Internet Reseller Network").

26. Only CORSAIR Products purchased from CORSAIR directly, or through an Authorized Internet Reseller, qualify for CORSAIR's warranty policy (the "CORSAIR Warranty").

4
COMPLAINT AND DEMAND FOR JURY TRIAL
319453831.1

27. For example, the CORSAIR Warranty states:[1]

**Overview**

- Corsair provides a warranty for its products, starting from the day of purchase from an authorized Corsair reseller.
- The warranty period will vary by specific product. You can find the warranty period on the product package, in the user documentation, or the listing of Corsair warranty periods below*. If you see different warranty periods for a product, the longest warranty period applies.
- Corsair warrants that the product will be free from defects in material and workmanship for the specified period.
- This warranty is limited to the original purchaser and is non-transferable, except where prohibited by applicable local law.

**PLEASE NOTE:**

In the United States of America, the following Corsair products are only covered by Corsair's warranty if they are purchased from Corsair.com or a Corsair-authorized reseller:

- DRAM
- SSD
- Gaming chairs
- Headsets
- Keyboards
- Mice
- Mousepads
- Peripheral accessories
- Elgato-branded products

Corsair's warranty will not be available if you purchase any of the above products from an unauthorized reseller.

28. CORSAIR Products are designed and manufactured for resale into specific geographic markets.

29. The CORSAIR Products designed and manufactured for resale into a specific geographic market are not intended for distribution and/or resale into another geographic market.

30. CORSAIR Products designed and manufactured for resale into a specific geographic market are materially different from the same products designed and manufactured for resale into another geographic market.

31. CORSAIR Products designed and manufactured for resale into a specific geographic market have packaging, warranty, product certification, voltage, and/or battery differences from the same products designed and manufactured for resale into another geographic market.

---

[1] *Available at*: https://help.corsair.com/hc/en-us/articles/360033067832-Corsair-Limited-Warranty.

32. CORSAIR has invested and has expended significant time and effort in advertising and promoting its CORSAIR Products and developing its Authorized Internet Reseller Network.

33. Through advertising and promotional efforts, customers throughout California, the United States, and the world recognize the CORSAIR name and logo, upon which they rely for high quality products and attentive customer service.

34. CORSAIR has invested and has expended significant time and effort in advertising and promoting its CORSAIR Products. As a result of such advertising and promotion, CORSAIR has established substantial goodwill and widespread recognition in the CORSAIR Products, which have become associated exclusively with the CORSAIR Marks and CORSAIR by both customers and potential customers, as well as with the general public at large.

**C. Defendant's Infringing and Improper Conduct**

35. CORSAIR has never authorized or otherwise granted Defendant permission to sell CORSAIR Products. Accordingly, Defendant is not authorized to sell CORSAIR Products.

36. Despite this, Defendant has sold and is currently selling CORSAIR Products on various online commerce sites, including, but not limited to, Walmart.com.

37. Defendant offers for sale and sells CORSAIR Products on the Internet to consumers in the United States using the CORSAIR Marks.

38. However, Defendant falsely advertises the CORSAIR Products it sells on the Internet using the CORSAIR Marks.

39. As a preliminary matter, Defendant falsely represents its affiliation with CORSAIR and indicates that its CORSAIR Products may be protected by the CORSAIR Warranty, even providing the URL link to CORSAIR's Limited Warranty on CORSAIR's website, as can be seen below.[2]

---

[2] *Available at*: https://www.walmart.com/ip/Corsair-Elgato-Stream-Deck-MK-2-with-15-Customizable-LCD-Keys-Tactile-Control-Interface-10GBA9901/362353846?athcpid=362353846&athpgid=sellerpage_&athcgid=null&athznid=mtsi&athieid=v0&athstid=CS020&athguid=2ukglauSZeztnAcimXJcntsY7-EIYpz_t8Kp&athancid=null&athena=true&selectedSellerId=4650.



40. The below is just one example of Defendant's product listings advertising CORSAIR Products: [3]



---

[3] *Available at*: https://www.walmart.com/ip/Corsair-Elgato-Stream-Deck-MK-2-with-15-Customizable-LCD-Keys-Tactile-Control-Interface-10GBA9901/362353846?athcpid=362353846&athpgid=sellerpage_&athcgid=null&athznid=mtsi&athieid=v0&athstid=CS020&athguid=2ukglauSZeztnAcimXJcntsY7-EIYpz_t8Kp&athancid=null&athena=true&selectedSellerId=4650.

41. Pursuant to its terms, the CORSAIR Warranty is limited to products purchased "from an authorized Corsair reseller."[4]

42. Because Defendant is not authorized to sell CORSAIR Products and is not an Authorized Reseller of CORSAIR Products, the CORSAIR Warranty excludes products sold by Defendant. Thus, the CORSAIR Products offered for sale and sold by Defendant are not covered—and cannot be covered—by the CORSAIR Warranty.

43. Additionally and separately, upon information and belief, Defendant is advertising and offering for sale CORSAIR Products designed, manufactured, and intended for sale into a specific geographic market, yet importing and fulfilling those orders to United States consumers with CORSAIR Products designed, manufactured, and intended for sale into international markets.

44. Due to differences in, *inter alia*, packaging, warranty, product certification, voltage, and/or battery, the CORSAIR Products that Defendant actually delivers to consumers are materially different from the CORSAIR Products advertised by Defendant and consumers expect to receive.

45. Upon information and belief, Defendant was aware at all relevant times that CORSAIR Products designed, manufactured, and intended for sale into a specific geographic market contain material differences from the same products designed, manufactured, and intended for sale into different geographic markets.

46. Defendant intentionally advertises and sells CORSAIR Products in ways that are likely to deceive consumers and create consumer confusion.

47. Defendant's continued advertisement, display, and sale of CORSAIR Products on the Internet, including, but not limited to, Walmart.com, has harmed, and continues to harm, CORSAIR and its relationships with consumers.

**D. Likelihood of Confusion and Injury Caused by Defendant's Actions**

48. Defendant's actions substantially harm CORSAIR by placing falsely advertised, unwarranted CORSAIR Products into the stream of commerce in the United States.

---

[4] *Available at*: https://help.corsair.com/hc/en-us/articles/360033067832-Corsair-Limited-Warranty.

49. Defendant's sale of CORSAIR Products designed and manufactured for resale into a different geographic market than the advertised geographic market is likely to cause—and has caused—consumer confusion and disappointment regarding CORSAIR's sponsorship or approval of those products.

50. Defendant's advertisement and sale of CORSAIR Products without the corresponding CORSAIR manufacturer's warranty is likely to cause—and has caused—consumer confusion and disappointment regarding CORSAIR's sponsorship or approval of those products.

51. Defendant's use of CORSAIR's Marks, as well as sale of CORSAIR Products, without authorization or license is likely to cause consumer confusion and disappointment that Defendant is among CORSAIR's Authorized Reseller Network.

52. Defendant's actions substantially harm CORSAIR and consumers who ultimately purchase Defendant's falsely advertised, unwarranted CORSAIR Products believing them to be the same warranted, high-quality CORSAIR Products that they would receive from CORSAIR or an Authorized Reseller. Defendant's actions cause consumers to not receive the product as he or she intended.

53. Defendant's actions substantially harm CORSAIR's goodwill and reputation when consumers learn that the CORSAIR Products advertised as guaranteed by the manufacturer that they have purchased from Defendant are not protected by the CORSAIR Warranty.

54. Defendant's conduct results in consumer confusion as well as the dilution of CORSAIR's goodwill and trade name as consumers are not receiving the products they believe they are purchasing.

55. The sale of CORSAIR Products by unauthorized resellers, such as Defendant, interferes with CORSAIR's ability to control the quality of products bearing the CORSAIR Marks and sold to customers.

56. Defendant's unauthorized sale of CORSAIR Products results in the lessening of sales of authorized and properly advertised CORSAIR products to the detriment of CORSAIR.

57. As a result of Defendant's actions, CORSAIR is suffering the loss of the enormous goodwill it created in the CORSAIR Marks.

58. Defendant continues to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to CORSAIR's irreparable harm.

### COUNT I

**False Advertising, Unfair Competition, and False Designation of Origin**

**in Violation of 15 U.S.C. § 1125(a)**

59. CORSAIR hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

60. This is a claim for federal trademark infringement under 15 U.S.C. § 1125(a).

61. CORSAIR engages in interstate activities designed to promote its goods and services sold, as well as the goodwill associated with the CORSAIR Marks, throughout the United States.

62. The CORSAIR Marks have been, and will continue to be, known throughout the United States as identifying and distinguishing CORSAIR products and services.

63. By selling or distributing products using the CORSAIR Marks as alleged herein, Defendant is engaging in unfair competition, false advertising, and/or falsely representing sponsorship by, affiliation with, or connection to CORSAIR and its goods and services in violation of 15 U.S.C. § 1125(a).

64. By advertising or promoting products using the CORSAIR Marks as alleged herein, Defendant is misrepresenting the nature, characteristics, and qualities of its goods and services in violation of 15 U.S.C. § 1125(a).

65. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the CORSAIR Marks, thereby causing immediate, substantial, and irreparable injury to CORSAIR.

66. By selling and advertising products under the CORSAIR Marks as alleged herein, CORSAIR is entitled to a judgment of three times its damages and Defendant's ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

67. As a direct and proximate result of Defendant's actions, CORSAIR has been, and continues to be, damaged by Defendant's activities and conduct, including but not limited to the

loss of sales of properly advertised and new products. Defendant has profited thereby, and unless its conduct is enjoined, CORSAIR reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, CORSAIR is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT II

### Violations of California Business and Professions Code § 17200 et seq.

68. CORSAIR hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

69. The California Unfair Competition Law, codified at Business and Professions Code sections 17200, et seq., prohibits any unlawful, unfair or fraudulent business act or practice.

70. Defendant's acts, omissions, misrepresentations, and/or practices constitute unlawful, unfair, and/or fraudulent business acts and practices within the meaning of California Business & Professions Code §§ 17200, et seq.

71. Defendant's misconduct has a tendency and likelihood to deceive members of the public.

72. The foregoing acts and practices have caused substantial harm to CORSAIR.

73. As a direct and proximate cause of the unlawful, unfair, and fraudulent acts and practices of Defendant, CORSAIR has lost money and suffered injury in fact and damage in the form of lost sales revenue, fees, and other costs.

74. Defendant's conduct constitutes fraud, suppression, and/or concealment, and misrepresentation of material facts known to it, with the intent of inducing reliance and thereby depriving CORSAIR of property and/or legal rights or otherwise causing injury. Defendant's conduct subjected CORSAIR to unjust hardship in conscious disregard of the Plaintiff's rights, such as to constitute malice, oppression, or fraud under California Civil Code § 3294, thereby entitling CORSAIR to an award of exemplary and punitive damages in an amount appropriate to punish or set an example of Defendant.

**RELIEF REQUESTED**

WHEREFORE, CORSAIR prays for judgment in its favor and against Defendant providing the following relief:

A. Preliminarily and permanently enjoin Defendant, including all partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with Defendant, including, but not limited to, any online platform, such as Amazon.com, or any website host, website administrator, domain registrar, or internet service provider, from:

   a. using, or attempting to use, any of CORSAIR's intellectual property, including, but not limited to, the CORSAIR Marks;

   b. acquiring, or taking any steps to acquire, any CORSAIR Products;

   c. selling, or taking any steps to sell, any CORSAIR Products;

   d. engaging in any activity constituting unfair competition with CORSAIR; and

   e. inducing, assisting, or abetting any other person or entity in engaging in or performing any of the business activities decried in the paragraphs above.

B. Award CORSAIR its actual damages suffered as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117 and/or California Business and Professions Code § 17200 et seq;

C. Award CORSAIR Defendant's profits as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117 and/or California Business and Professions Code § 17200 et seq;

D. Enter judgment that Defendant's acts of infringement have been knowing and willful;

E. Award CORSAIR its reasonable attorneys' fees in bringing this action as allowed by law;

F. Award CORSAIR pre-judgment and post-judgment interest in the maximum amount allowed under the law;

G. Award CORSAIR the costs incurred in bringing this action;

12
COMPLAINT AND DEMAND FOR JURY TRIAL

| | | |
|---|---|---|
| 1 | H. Award CORSAIR other relief as this Court deems just and proper. | |
| 2 | **DEMAND FOR JURY TRIAL** | |
| 3 | CORSAIR hereby requests trial by jury on all claims so triable. | |

Dated: July 29, 2024    K&L GATES LLP

By: */s/ Daniel W. Fox*
Daniel W. Fox

*Attorney for Plaintiff
Corsair Gaming, Inc. d/b/a CORSAIR*