Jason N. Haycock (SBN 278983)
Jason.Haycock@klgates.com
K. Taylor Yamahata (SBN 347192)
Taylor.Yamahata@klgates.com
K&L Gates LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: +1 415 882 8200
Facsimile: +1 415.882.8220

Attorneys for Plaintiff
CORSAIR GAMING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORSAIR GAMING, INC. | Case No. 3:24-cv-04612-TLT |
| Plaintiff, | [Assigned to the Hon. Trina L. Thompson and Hon. Kandis A. Westmore] |
| v. | **NOTICE OF MOTION AND MOTION TO CONTINUE HEARING FOR PLAINTIFF CORSAIR GAMING, INC.'S MOTION FOR DEFAULT JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| DEAL BUSTER, INC., | |
| Defendant. | Date:      February 6, 2025<br>Time:     1:30 pm<br>Crtrm:    9, 19th Floor |

1

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff Corsair Gaming, Inc. ("Plaintiff" or "CORSAIR"), by and through its counsel, hereby moves the Court pursuant to Northern District of California Local Rule 7-7(b) for an order continuing the hearing on Plaintiff's Motion for Default Judgment currently set for January 16, 2025 at 1:30 P.M. to February 6, 2025 at 1:30 p.m., or such a later date as the Court deems appropriate.

This motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the attached declaration of Jason N. Haycock, all pleadings, papers, and records in this action, and upon such further evidence the Court may consider.

Respectfully submitted,

Dated:  January 9, 2025                    **K&L Gates LLP**


                                           _/s/ Jason N. Haycock_
                                           Jason N. Haycock (SBN 278983)
                                           K. Taylor Yamahata (SBN 347192)

                                           Attorneys for Plaintiff
                                           CORSAIR GAMING, INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff Corsair Gaming, Inc. ("Plaintiff" or "CORSAIR") respectfully requests the Court to continue the hearing on Plaintiff's Motion for Default Judgment currently scheduled for January 16, 2025 at 1:30 P.M. to February 6, 2025 at 1:30 p.m. Good cause exists for this request, as Plaintiff's counsel who will appear at the hearing has a scheduling conflict with the current hearing date that cannot be changed. Additionally, Plaintiff's former counsel left the law firm in December of 2024, and Plaintiff's current counsel was recently substituted into this action.

Defendant Deal Buster, Inc. ("Defendant" or "Deal Buster") has not appeared in this action, and the requested continuance will not cause prejudice or unreasonable delay in the proceedings.

### II.    BACKGROUND

This case was filed on July 30, 2024. ECF No. 1. True and correct copies of the Complaint and Summons issued by the Court were served upon Defendant Deal Buster on August 23, 2024. ECF No. 7. The time for Defendant to file an answer or otherwise respond to the Complaint elapsed on September 13, 2024. On October 15, 2024, Plaintiff requested the Clerk enter default against Defendant. ECF No. 12. On October 16, 2024, pursuant to Federal Rule of Civil Procedure 55(a), default was entered against Defendant for failing to plead or otherwise defend in this action. ECF No. 13. On November 13, 2024, Plaintiff filed a Motion for Default Judgment. ECF No. 15. Defendant's opposition was due on November 27, 2024; to date, no opposition has been filed. On December 4, 2024, the motion for default judgment was referred to Magistrate Judge Westmore for a report and recommendation. ECF No. 19.

On December 9, 2024 the Court ordered the Plaintiff to file a proposed order and to serve the notice to all parties in this action. ECF No. 21. On December 12, 2024, Defendant was served with the order. ECF No. 22. On December 19, 2024, Plaintiff filed the proposed order granting its motion for default. ECF No. 23.

In December 2024, Plaintiff's counsel, Daniel Fox, left K&L Gates LLP. Haycock Decl. ¶ 4.  Plaintiff's current counsel of record was recently substituted. ECF Nos. 17, 18. Morgan T. Nickerson, a partner at K&L Gates LLP, specializes in patent and trademark infringement and has been instrumental in assisting with this case since its inception.  Haycock Decl. ¶ 9.  As such, upon approval of his *pro hac vice* application, Mr. Nickerson intends to appear for the hearing on the motion for default judgment. *Id*. ¶ 10.  Mr. Nickerson has a scheduling conflict with the current hearing date that cannot be changed. *Id*. ¶ 11. This scheduling conflict was discovered after November 27, 2024. *Id*. ¶ 12. Mr. Nickerson's inability to attend the hearing would deprive Plaintiff of his institutional knowledge and expertise and hinder Plaintiff's ability to present its Motion for Default Judgment and address issues raised by the Court. *Id*. ¶ 13.

Defendant has not appeared in the case or otherwise indicated its intent to oppose Plaintiff's Motion for Default Judgment. *Id*. ¶ 3.

To assist in facilitating a continuance, Plaintiff has already reserved a continued date for February 6, 2025.

## III.   LEGAL STANDARD

Pursuant to Northern District of California Local Rule 7-7(a), if an opposition has not been filed "a party who has filed a motion may file a notice continuing the originally noticed hearing date for that motion to a later date" before the date on which the opposition would have been due. If that time frame has passed, "the noticed hearing date may be continued to a subsequent date upon order of the assigned Judge." Civil L.R. 7-7(b). The court has broad discretion to grant a continuance of a hearing upon a showing of good cause. *See* Fed. R. Civ. P. 6(b). Accordingly, courts routinely grant requests for continuances to ensure that all parties have a fair opportunity to present their case and promote judicial efficiency.

## IV.   ARGUMENT

### A. Good Cause Exists to Continue the Hearing.

4

The requested continuance is necessary because Plaintiff's counsel has a scheduling conflict on the current hearing date and cannot attend. Haycock Decl. ¶ 11. Further, Plaintiff's former counsel left the employ of K&L Gates LLP and Plaintiff's current counsel was substituted after the deadline to file an amended noticed hearing date passed. *Id*. ¶ 12; *see* ECF Nos. 17, 18. Mr. Nickerson's familiarity with the procedural history, relevant legal issues, client institutional knowledge, and factual record of this case is important to adequately represent Plaintiff at the hearing. *Id*. ¶¶ 9, 13.

Failure to grant this continuance would deprive Plaintiff of Mr. Nickerson's institutional knowledge and expertise. *Id*. This would hinder Plaintiff's ability to present its case and effectively respond to any questions or concerns raised by the Court. *Id*.

**B. The Requested Continuance Will Not Prejudice Any Party.**

Defendant has not appeared in this action or otherwise indicated its intent to oppose Plaintiff's Motion for Default Judgment. Haycock Decl. ¶ 3. Consequently, the requested continuance will not prejudice the Defendant or unduly delay the resolution of this case. The additional time will ensure that Plaintiff's Motion for Default Judgment is presented effectively and will promote judicial efficiency.

**V.    CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion and continue the hearing on Plaintiff's Motion for Default Judgment to February 6, 2025, or a later date convenient to the Court.

Dated:  January 9, 2025                **K&L Gates LLP**

                                        */s/ Jason N. Haycock*
                                        Jason N. Haycock (SBN 278983)
                                        K. Taylor Yamahata (SBN 347192)

                                        Attorneys for Plaintiff
                                        CORSAIR GAMING, INC.

5